**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MARTIN A. SANCHEZ,** | ) | |
| **#05049226,** | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-0138-P |
| | ) | ECF |
| **DAN JOSLIN, Warden,** | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by a federal prisoner.

Parties:  Petitioner is presently incarcerated at FCI Three Rivers in Three Rivers. At the time of filing this action he was incarcerated at FCI Seagoville. Respondent is the Warden of FCI Seagoville. The Court issued process in this case.

Statement of Case:  Petitioner is currently confined within the Federal Bureau of Prisons (BOP) pursuant to a seventy-seven month sentence for illegal reentry after removal from the United States. (Respondent's Mot. to Dism. at 1). In this action, he challenges an action taken by a disciplinary hearing officer (DHO) that resulted in the loss of good-time credits,

disciplinary segregation, and loss of privileges. (Id. at Exh. H)[1]

In response to this Court's order to show cause, Respondent filed a motion to dismiss contending that Petitioner had procedurally defaulted his claims by failing to exhaust his administrative remedies and, in the alternative, seeking dismissal of the petition for failure to state a claim upon which relief may be granted. Petitioner filed objections to Respondent's motion to dismiss.

Findings and Conclusions: Federal prisoners are ordinarily required to exhaust their administrative remedies before filing a 28 U.S.C. § 2241 petition for habeas corpus relief. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994); United States v. Cleto, 956 F.2d 83 (5th Cir. 1992); United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990); United States v. Smith, 869 F.2d 835, 837 n. 1 (5th Cir. 1989). It does not appear the Fifth Circuit has determined whether the exhaustion requirement is a jurisdictional prerequisite to habeas petitions challenging a disciplinary proceeding. However, other circuits have held that a failure to exhaust does not divest a court of jurisdiction. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Sanchez v. Miller, 792 F.2d 694, 697-99 (7th Cir. 1986); Jackson v. Carlson, 707 F.2d 943, 949 (7th Cir. 1983); see also Wade v. Perez, 14 Fed. Appx. 330, 330-332 (6th Cir. 2001); Del Raine v. Carlson, 826 F.2d 698, 703 (7th Cir. 1987); Howell v. Revell, 2005 WL 2671065

---

[1] Although Petitioner is no longer incarcerated in the Northern District of Texas, this Court has jurisdiction to consider his petition because he filed it when he was incarcerated at FCI Seagoville, which is located in the Dallas Division of the Northern District of Texas. See Loth v. Guzik, 2001 WL 649650 at *2 (N.D.Tex.2001) (Civ. No. 4:00-CV-0377-G) (citing Harris v. Ciccone, 417 F.2d 479, 480 n. 1 (8th Cir. 1969) (noting that a district court's jurisdiction is not defeated by a petitioner's transfer)).

(S.D. Ill. 2005). Notwithstanding the holdings that a failure to exhaust is not jurisdictional, some of the courts have held that such claims are procedurally defaulted, when remedies have not been exhausted, absent a prisoner's demonstration of cause and prejudice for the omission. Moscato, 98 F.3d at 760; Sanchez, 792 F.2d at 697-99.

Under the BOP's Administrative Remedy Program, the first level of appeal from a DHO decision is an appeal to the Regional Director. See 28 C.F.R. § 541.19 and 28 C.F.R. § 542.14(d)(2). Such an appeal must be submitted on a BP-10 form to the appropriate Regional Director within 20 days of notice of the DHO's decision. 28 C.F.R. § 542.15(a). To appeal from a decision of the Regional Director, an inmate must appeal to the General Counsel within thirty calendar days of the date the Regional Director signed the response, absent a valid reason for delay. 28 C.F.R. § 542.15(a). See Howell v. Revell, 2005 WL 2671065, *2 (S.D.Ill.) (S.D. Ill.,2005) (outlining grievance process and how it differs from appeal process from a DHO decision); see also Hill v. Hobart, 2006 WL 768521, *4 (W.D.Wis. 2006); Williams v. Scibana, 2004 WL 1774739, *1 -2 (W.D. Wis. 2004).[2]

The record in this case reflects that the DHO held a hearing on January 5, 2006, that he issued the DHO report outlining the disciplinary violations and sanctions on January 17, 2006, and that the same was delivered to Petitioner on January 19, 2006. (DHO Report at 5 attached as

---

[2] When a disciplinary decision is issued by the Unit Disciplinary Committee (UDC), instead of a DHO, the inmate is not permitted to appeal directly to the Regional Director. See 28 C.F.R. §§ 541.15, 541.19, 542.14(d)(2); Mitchell v. Romine, 158 Fed. Appx. 367, 368 (3rd Cir. 2005).

The administrative procedure for disciplinary appeals from a DHO decision is slightly different from the prison's grievance procedure, which is the "process through which inmates may seek formal review of an issue which relates to any aspect of their confinement." See 28 C.F.R. § 542.10; see also Howell v. Revell, 2005 WL 2671065, *2 (S.D. Ill.,2005) (outlining grievance process and how it differs from appeal process from a DHO decision).

exh. H to Resp's Mot. to Dism.).  Although the DHO report specifically advised Petitioner of his right to appeal (Id. at 4), he failed to do so.  The BOP has verified that Petitioner did not attempt to file any administrative request or appeal regarding the disciplinary action at issue in this case.  (Exh. A attached to Resp's Mot. to Dism.).

Petitioner apparently was informally advised of the sanctions which would be imposed at the conclusion of the hearing or shortly thereafter since he signed and dated his petition on January 16, 2006, prior to the issuance of the DHO report and three days before he was formally served with a decision.[3]  Not only did the formal notice apprise him of his appeal rights (Respondent's Mot. to Dism. at Exh. H), but he was also advised of his right to appeal on December 19, 2005, prior to the hearing (Id. at Exh. G).

Petitioner does not refute his failure to exhaust his administrative remedies.  He argues, however, that Respondent prevented him from utilizing prison administrative remedies.  (Pet's Reply at 5).  Specifically he states that from October 30, 2005, until February 9, 2006, he "requested grievance complaint forms from staff at FCI Seagoville for use in exhausting administrative remedies," and that all "requests were denied."   (Id. at 1).  In answer to the Magistrate Judge's Questionnaire, Petitioner reiterates that "the respondents refuse[d] to provide Petitioner with grievance forms requested on 1-05-06  1-10-06  1-22-06  2-2-06  2-8-06.  According to Petitioner, his "request[s] were made verbally and in writing to Lt. Morales  Ms. Phelps  Mr. Roberts  and Ms. Milton."  (Answer to Question 3 of the Magistrate Judge's Questionnaire filed on February 15, 2006).

---

[3] The petition is deemed filed on January 16, 2006, the date on which he signed the petition and presumably placed it in the prison mail system.  See Spotville v. Cain, 149 F.3d 374 (5th Cir. 1998).

4

Petitioner's self-serving and uncorroborated alleged attempts to obtain a BP-10 form do not establish cause for his failure to pursue an appeal to the Regional Director.  Even if some credence is given and the named persons ignored or refused his requests, it does not excuse his total failure to timely notify the Regional Director that he sought to pursue an appeal and/or to explain why he was unable to effect his appeal on a BP-10 form.

Because Petitioner has failed to show cause for his failure to exhaust administrative remedies, the District Court should find that he is procedurally barred from seeking relief and should dismiss his petition with prejudice.  See Moscato, 98 F.3d at 760; see also Wade, 14 Fed.Appx. at 330-332.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be dismissed with prejudice.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent.

Signed this 17th day of August, 2006.

*Wm. F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.